1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

10
11
12
13

CLEMENCIA LOPEZ and JUAN LOPEZ,

Plaintiff,

v.

JOHN C. PFEFFER, M.D., MODESTO
ARTS MEDICAL GROUP, INC.,
AMERICAN MEDICAL SYSTEMS, INC.,
BOSTON SCIENTIFIC CORPORATION,
and DOES 1 through 50, inclusive,

Defendant.

Case No. 13-cv-03341 NC

**ORDER GRANTING MOTION TO
REMAND, DENYING MOTION TO
STAY, AND AWARDING
ATTORNEY'S FEES**

Re: Dkt. No. 7, 12, 16

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant American Medical Systems removed this case to federal court, arguing
that there is diversity jurisdiction under 28 U.S.C. § 1332. Although AMS admits that
Plaintiffs and two of the Defendants, John C. Pfeffer, M.D. and Modesto Arts Medical
Group, are residents of California, AMS argues that there is complete diversity because the
California Defendants were "fraudulently misjoined." To reach that conclusion, AMS asks
the Court to apply the fraudulent misjoinder doctrine, which has been adopted by the
Eleventh Circuit, but not by the Ninth Circuit or by this district. *Tapscott v. MS Dealer*

*Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  AMS further asks the Court to stay the proceedings pending an expected transfer by the Judicial Panel on Multidistrict Litigation, and to not rule on the motion to remand.  The Court declines to do so, and therefore GRANTS remand because the Court will not apply *Tapscott* and finds that it lacks subject matter jurisdiction.  The Court DENIES AMS' motion to stay because the Court finds that a stay will not serve judicial economy and will prejudice Plaintiffs.  Finally, the Court GRANTS Plaintiffs' motion for attorney's fees, as AMS' removal to federal court was not objectively reasonable under the current law of our Circuit.

## I.    BACKGROUND

On June 5, 2013, Plaintiffs filed a Complaint in the Superior Court of California, Alameda County against AMS, Modesto Arts Medical Group, Inc., John C. Pfeffer, M.D., Boston Scientific Corporation, and Does 1 through 50.  Dkt. No. 1 at 1.  Plaintiffs allege that they suffered injury as a result of allegedly defective pelvic mesh products produced by AMS and Boston Scientific, which Dr. Pfeffer implanted in Ms. Lopez.  Dkt. No. 7-1 at 2.

On July 17, 2013, Defendant AMS filed a notice of removal asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. No. 1.  Plaintiffs Clemencia Lopez and Juan Lopez moved to remand to state court on July 25, 2013, and also moved for attorney's fees related to the remand motion.  Dkt. No. 7.  Defendants Modesto Arts Medical Group and John C. Pfeffer, M.D. joined in Plaintiffs' motion to remand.  Dkt. No. 12.  On July 31, 2013, AMS moved to stay all proceedings pending a transfer by the Judicial Panel on Multidistrict Litigation.  Dkt. No. 16.  The Court heard argument on the motion to stay, the motion to remand, and the motion for related attorney's fees on September 18, 2013.

Plaintiffs are residents and citizens of California.  Dkt. No. 1 at 6.  AMS is incorporated under the laws of Delaware, with its principal place of business in Minnesota.  *Id*.  Boston Scientific Corporation is a company incorporated under the laws of Delaware, with its principal place of business in Massachusetts.  *Id.*  Modesto Arts Medical Group is a

company incorporated under the laws of California with its principal place of business in California. Dr. John Pfeffer is a citizen of the state of California.

The parties do not dispute that the amount in controversy exceeds $75,000. Rather, the parties dispute whether the citizenship of Defendants Pfeffer and Modesto Arts Medical Group should be disregarded in determining whether the Court has subject matter jurisdiction.

## II.    ANALYSIS

Plaintiffs argue that the Court must first decide jurisdictional issues and resolve the motion to remand before addressing AMS' motion to stay. On the other hand, AMS argues that in the interest of judicial economy and fairness to the parties, the Court should stay the proceedings and allow the MDL to decide issues of jurisdiction, assuming that the action in fact gets transferred to that court. Therefore the Court must first assess which is the proper order of determining these motions.

## A.    Whether to First Decide the Motion to Remand or the Motion to Stay

The Ninth Circuit has not expressly determined the order that courts should rule on a competing motion to remand and a motion to stay pending transfer to an MDL. Courts in our district have used two different approaches to determine the issue. *Compare Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (applying a three-step approach and finding it appropriate to determine remand before stay), *with Fortune v. McKesson Corp.*, No. 13-cv-03172 JSW, 2013 WL 4104121 (N.D. Cal. Aug. 12, 2013) (balancing fairness and judicial economy, and finding it appropriate to determine stay before remand). The Court finds it must first determine the motion to remand under either approach. *See Brock v. Stolt-Nielsen SA*, No. 04-cv-1992 FMS, 2004 WL 1837934, at *1 (N.D. Cal. Aug. 17, 2004) (deciding motion to remand before motion to stay and noting "[a]lthough the Court has the inherent power to stay proceedings, it balances that discretion against its historic obligation to ensure jurisdiction is proper") (internal citations omitted).

### i.     Three-Step Approach

Under the three-step approach, a court must first "give preliminary scrutiny to the merits of the motion to remand.  If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Conroy*, 325 F. Supp. 2d at 1053.  Second, if the jurisdictional question appears factually or legally difficult then the court must determine "whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id.*  Third, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Id.*

Here, preliminary scrutiny to the merits of the motion to remand suggests that removal was improper and that it is not a close call.  AMS admits that two of the defendants are domiciled in California, which would normally defeat diversity under 28 U.S.C. § 1332.  However, AMS bases its removal on the doctrine of "fraudulent misjoinder," which was adopted by the Eleventh Circuit.  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (finding that joinder of parties with "no real connection" was "so egregious as to constitute fraudulent joinder" and therefore joinder of non-diverse parties did not defeat diversity), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  This Court does not sit in the Eleventh Circuit.  The Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory.  In other words, AMS based removal on law that does not exist in this district.  Therefore, preliminary scrutiny of the motion to remand suggests that removal was improper, and under the first step of the *Conroy* approach, the analysis ends and the Court must determine the motion to remand before addressing the motion to stay.

### ii.     Balancing Fairness and Judicial Economy

Other courts in our district have declined to follow the three-step approach, and instead consider "(1) the interests of conserving judicial resources and avoiding duplicative litigation; and (2) the possibility of hardship or prejudice to the parties." *Freitas v.*

*McKesson Corp.*, No. 11-cv-05967 JW, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012).

The Court is not persuaded that staying the case pending a transfer to the MDL will conserve judicial resources. AMS urges the Court that it ought to not waste judicial resources making rulings on "a case over which it might ultimately lose jurisdiction." Dkt. No. 16 at 4, quoting *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02-cv-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002). But it appears the Court never had subject matter jurisdiction in the first place. Therefore, whether the Court stays the action in expectation of a transfer or remands the action to state court, the Court's resources will be used equally.

Nor is the Court persuaded by the cases AMS cites from our district that stayed proceedings pending a transfer to the MDL, rather than ruling on the motion to remand. *See Couture v. Hoffman-La Roche, Inc.*, No. 12-cv-2657 PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012); *Scroggins v. Hoffman-La Roche, Inc.*, No. 12-cv-2615 SI, 2012 WL 2906574 (N.D. Cal. July 16, 2012); *Freitas v. McKesson Corp.*, No. 11-cv-05967 JW, 2012 WL 161211 (N.D. Cal. Jan. 10, 2012); *Blalock v. DePuy Orthopaedics, Inc.*, No. 11-cv-04746 SBA, 2011 WL 6217540 (N.D. Cal. Dec. 14, 2011). These cases involved fraudulent joinder, which is valid law in our Circuit, rather than fraudulent misjoinder. Further, these cases alleged fraudulent joinder of a defendant, where that same defendant was allegedly fraudulently joined in several other cases pending before the MDL. Here, AMS alleges fraudulent misjoinder of Defendants Pfeffer and Modesto Arts Medical Group. As far as the Court can tell, these defendants are not implicated in any other litigation before the MDL.

AMS also unconvincingly argues that the MDL court is in a better position to determine the jurisdictional issue, but this Court is readily familiar with the law of the Ninth Circuit and California, and is in just as good a position or better to resolve the issue, especially considering that it has been fully briefed and argued.

Considering prejudice to the parties if a stay is issued also weighs in favor of Plaintiffs. AMS argues that without a stay, AMS will not enjoy "the full benefit of the

highly organized processes already underway in the MDL proceedings." Dkt. No. 16 at 9. But AMS is only entitled to litigate in the MDL if there is federal subject matter jurisdiction. *See Hermosillo v. McKesson Corp.*, No. 13-cv-03169 WHA, 2013 WL 4427828, at *2 (N.D. Cal. Aug. 14, 2013) (noting MDL remanded case for lack of diversity jurisdiction). Further, this argument asks the Court to assume the MDL will transfer the case for purposes of calculating judicial economy and prejudice to AMS, but not to assume that a transfer to the MDL will occur when calculating Plaintiffs' prejudice. This the Court will not do. The Court will not assume that the MDL will transfer the case, and the Court finds that prejudice to AMS in denying a temporary stay is minimal.

Finally, Plaintiffs have alleged that Ms. Lopez is 90 years old. The prejudice to Ms. Lopez in delaying her case during a stay, for however long, outweighs the little to no prejudice AMS will suffer by denying it the opportunity to litigate in a court it was never entitled to be before in the first place.

For these reasons, the Court finds it must first address the motion to remand before addressing the motion to stay.

**B. Motion to Remand**

An action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If "at any time before final judgment" the district court determines it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

AMS admits that two of the Defendants, Pfeffer and Modesto Arts Medical Group, are domiciled in California, which would normally defeat diversity under 28 U.S.C. § 1332. However, AMS bases its removal on the doctrine of "fraudulent misjoinder," which was adopted by the Eleventh Circuit. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Ninth Circuit has not adopted *Tapscott*, nor has any other court in our

district adopted the fraudulent misjoinder theory.  *See Cal. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) (finding *Tapscott* would not have applied to the facts before the court, but declining to expressly adopt the theory).  The Court finds it inappropriate to apply the novel theory of fraudulent misjoinder, especially considering the requirement that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Even if the Court were to apply *Tapscott*, the theory of fraudulent misjoinder would not apply to these facts.  The Eleventh Circuit in *Tapscott* found that misjoinder of a diverse defendant occurred only where "the diverse defendant has no real connection to the claim against the nondiverse defendant" and the joinder is not "mere misjoinder" but rather is "so egregious as to constitute fraudulent joinder."  *Tapscott*, 77 F.3d at 1360.  AMS' argument that there is no real connection between the pelvic mesh manufacturers and the doctor and medical group that implanted that pelvic mesh is without merit.  *See N.C. ex rel. Jones v. Pfizer, Inc.*, No. 12-cv-00531 WHA, 2012 WL 1029518 (N.D. Cal. Mar. 26, 2012) (finding that "[d]rug manufacturing defendants' argument that there is no real connection between claims because certain claims are based on theories of strict liability and negligence for the manufacture of the drug, and others are based on theories of negligent administration of the drug, is unpersuasive"); *see also Watson v. Gish*, No. 10-cv-03770 SBA, 2011 WL 2160924, at*4 (N.D. Cal. June 1, 2011) (finding *Tapscott* distinguishable because the plaintiff's claims "arise from adverse reactions she suffered allegedly as a result [from] the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis"); *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, Case No. 04-cv-03615 RMW, 2005 WL 2216950, at *6 (N.D. Cal. July 25, 2005) (holding that "even if this court were to adopt *Tapscott*, it would not apply the fraudulent misjoinder doctrine here").

Because Defendants Pfeffer and Modesto Arts Medical Group were properly named defendants and are domiciled in California, complete diversity among the parties does not exist and this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

1   Therefore, Plaintiffs' Motion to Remand and Defendants Pfeffer's and Modesto Arts

2   Medical Group's Joinder to the Motion are GRANTED.

3   **C.    Motion to Stay**

4          As discussed, the Court finds that a balance of judicial economy and fairness to the

5   parties demonstrates that a stay pending a potential transfer to the MDL is not warranted.

6   AMS has not established that it will suffer significant prejudice if the case is not stayed, and

7   Ms. Lopez has demonstrated that a stay will prejudice her.  The Court will save no

8   resources by staying this case, since it finds that it does not have subject matter jurisdiction

9   and must remand the case to state court.  Therefore, AMS' motion to stay is DENIED.

10  **D.    Motion in the Alternative to Sever**

11          In its opposition to Plaintiffs' motion to remand, AMS requests that the Court sever

12  and remove the claims against California defendants.  Dkt. No. 17.  The Court DENIES the

13  request.  The Court will not sever claims when AMS has not established that it has federal

14  subject matter jurisdiction.  As the court explained in *Perry v. Luu*, "[t]he Court is

15  confounded by the concept's circular logic in that it requires the Court first—in full

16  recognition of the lack of diversity jurisdiction—sever part of the case and only then find it

17  has jurisdiction.  However, the authority to sever misjoined claims or defendants under Rule

18  20 presumes the Court has jurisdiction to act." *Perry v. Luu*, No. 13-cv-00729-AWI-JLT,

19  2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013).

20          **E.    Motion for Attorney's Fees**

21          Title 28 U.S.C. § 1447(c) states that, "[a]n order remanding the case may require

22  payment of just costs and any actual expenses, including attorney fees, incurred as a result

23  of the removal."  The Ninth Circuit has held that district courts are granted "wide

24  discretion" under section 1447(c) to decide whether to award attorney's fees and costs along

25  with an order to remand.  *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir.

26  1992).  Generally, courts award fees "where the removing party lacked an objectively

27  reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

28  141 (2005).  The Ninth Circuit has further held that a district court need not find "bad faith"

as a prerequisite to an award of attorney's fees incurred to pursue a remand to state court. *Moore*, 981 F.2d at 446-48.

Here, as justification for removal, AMS chose to rely on an Eleventh Circuit case in which the facts are dissimilar to the facts in this case. As a result, Plaintiffs incurred costs in litigating the issue of remand, to which they are entitled reimbursement. Courts have awarded attorney's fees for removing in similar circumstances. *Thakor v. Burlington Ins. Co.*, No. 09-cv-1465 SBA, 2009 WL 1974511 (N.D. Cal. July 8, 2009).

The Court has reviewed the declaration of Young S. Lee in support of Plaintiffs' motion to remand, and finds the calculation of attorney's fees (12.5 hours at a rate of $495 per hour) to be reasonable. Dkt. No. 7-2. Therefore, the court GRANTS attorney's fees to Plaintiffs to be paid by AMS in the amount of $6,187.50.

### III.   CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED, the motion to stay is DENIED, and Defendant AMS is ORDERED to pay Plaintiffs' attorney's fees of $6,187.50 within 14 days. The Clerk of Court is ORDERED to remand this case to Alameda County Superior Court and to terminate the federal case.

IT IS SO ORDERED.

Date:  September 25, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge